IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LATOYA MCKENZIE, et al., | ) | 1:09cv1658 AWI DLB |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF FROM FED. R. CIV. P. 30 TO TAKE MORE THAN 10 DEPOSITIONS |
| vs. | ) | (Document 81) |
| KERN COUNTY, et al., | ) | |
| Defendants. | ) | |

Plaintiff LaToya McKenzie and Plaintiffs Brenda McKenzie, Chastity McKenzie, Rory McKenzie, Jr., Zilah Peeples, Amaya McKenzie, Zikirah Harris, and Jamarri Joiner (minors proceeding with guardians ad litem) ("Plaintiffs") filed the instant motion for relief from the deposition limits of Federal Rule of Civil Procedure 30. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the March 18, 2011 hearing.

**PROCEDURAL BACKGROUND**

This action arises out of the death of Rory McKenzie following use of a Taser device. Plaintiffs are the family members of Rory McKenzie. Plaintiffs allege excessive force in violation of 42 U.S.C. § 1983 against the Kern County Sheriff's Office and four Sheriff's deputies. Plaintiffs

1

1  also assert a products liability claim against Taser International, Inc.

2  On April 29, 2010, the parties participated in a scheduling conference. Neither the joint
3  scheduling report nor the Scheduling Order entered on May 4, 2010, address any alterations to the
4  discovery limits outlined in the Federal Rules of Civil Procedure.

5  On January 19, 2011, the parties stipulated to extend the discovery deadlines in this matter.
6  The Court granted the extension. Currently, the non-expert discovery deadline is July 1, 2011, and
7  the expert discovery deadline is September 16, 2011. Trial is scheduled for April 10, 2012.

8  On January 28, 2011, Plaintiffs filed the instant motion seeking relief from the ten deposition
9  limit imposed by the Federal Rules of Civil Procedure.

10  On March 4, 2011, Kern County, Kern County Sheriff's Office, Otis Whinery, Douglas
11  Jauch, Edward Tucker and Patrick McNeal ("County Defendants") filed a statement of non-
12  opposition to the motion for relief from Fed. R. Civ. P. 30.

13  Defendant Taser International, Inc. did not respond to the motion.

14  **SUMMARY OF AMENDED COMPLAINT**

15  On or about July 2, 2009, Plaintiff LaToya McKenzie saw a Kern County Sheriff's vehicle.
16  She informed the deputy driving the vehicle that she had been in an argument with her husband,
17  Rory McKenzie.

18  Deputies Whinery, Jauch, Tucker and McNeal responded and entered Ms. McKenzie's
19  apartment. During their search of the apartment, deputies found Rory McKenzie. When one of the
20  deputies ordered Mr. McKenzie to the ground, Mr. McKenzie asked why, and stated that he had done
21  nothing. One or both deputies allegedly used their Tasers on Mr. McKenzie at the same time, hitting
22  him in the chest region. Mr. McKenzie fell to the ground and was non-responsive. One of the
23  deputies ordered Mr. McKenzie to stand up. He did not respond. One deputy ordered the other
24  deputy to tase Mr. McKenzie again. The second deputy tased Mr. McKenzie. Mr. McKenzie was
25  again ordered to get up, but he did not respond.

26  When Mr. McKenzie did not respond, one of the deputies requested a K-9 unit. The K-9 unit
27  responded and attacked Mr. McKenzie's back side and legs. The K-9 unit also tore one of Mr.

28

McKenzie's arms open to the bone.  Mr. McKenzie was still non-responsive.  The deputies realized that Mr. McKenzie did not have a pulse and one of the deputies called for an ambulance.  The ambulance arrived approximately one hour after the call.  The ambulance took Mr. McKenzie to Kern Medical Center, where he was pronounced dead.

Plaintiffs allege that Mr. McKenzie was killed by cardiac arrest due to the Tasers.

## DISCUSSION

Under Federal Rule of Civil Procedure 30(a), a party may take ten (10) depositions without leave of court. The court may alter the limit on the number of depositions provided under Rule 30. Fed. R. Civ. P. 26(b)(2)(A) & 30(a)(2)(A)(i). "Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2) advisory committee's note (1993 Amendment). Thus, the court considers whether the discovery sought is cumulative or duplicative, or can better be obtained from some another source; whether the party seeking discovery has had ample opportunity to obtain the information by discovery in this action; and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs have deposed two percipient witnesses and have identified nineteen additional witnesses they seek to depose.  The additional witnesses include the Defendant deputies (4), a representative from Kern County Sheriff's Office on the subject of use-of-force training and Taser training (1), persons most knowledgeable from Defendant Taser (5), doctors at Kern Medical Center (2), a forensic pathologist (1), emergency medical responders from Hall Ambulance (2), fire fighters who provided emergency medical assistance (3), and the Kern County Regional Medical Center Toxicology Unit Supervisor (1).

Plaintiffs argue that additional depositions are needed because this is a complex action involving six defendants, more than ten percipient witnesses and ten causes of action, including a product liability claim.  As to the identified deponents, Plaintiffs contend that the defendant deputies will have particularized knowledge about the incident and subsequent events, their training and the actions taken at the scene.  Plaintiffs further contend that Taser representatives will provide

3

particularized knowledge about the design and manufacture of the Taser device, its amperage, warnings that accompany the device, the training provided, other incidents involving allegations of death after discharge, and safety testing. Plaintiffs explain that the remaining witnesses are individuals who provided emergency medical care to Rory McKenzie at the scene, at the hospital and conducted the autopsy. Plaintiffs admit that they have obtained medical records, EMS reports, Fire Department reports and the autopsy. However, Plaintiffs argue that the reports "do not paint the full picture of how the incidents unfolded, what the individuals observed, or why and how key conclusions and opinions were reached and formed." Motion, p. 10.

As stated above, the County Defendants filed a statement of non-opposition to the motion. Defendant Taser did not respond.

## CONCLUSION AND ORDER

Based on the moving papers and on the lack of opposition, the Court finds that permitting additional depositions is consistent with the principles of Rule 26(b)(2). The discovery sought is not cumulative or duplicative, cannot better be obtained from some another source and the burden or expense of the proposed discovery does not outweigh its likely benefit. Therefore, Plaintiffs' motion for relief from Fed. R. Civ. P. 30 to take more than ten depositions is GRANTED.

IT IS SO ORDERED.

Dated:   **March 18, 2011**                    /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE