FEDERICO CASTELAN SAYRE, ESQ., SBN 067420
*sayreesq@sayrelevitt.com*
TYLER RICHARD DOWDALL, ESQ., SBN 258950
*tdowdall@sayrelevitt.com*
**SAYRE & LEVITT, LLP**
900 N. BROADWAY, 4th FLOOR
SANTA ANA, CALIFORNIA 92701-3452
Phone (714) 550-9117
Facsimile (714) 550-9125

Attorneys for Plaintiffs:

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATOYA MCKENZIE, et al.<br><br>Plaintiffs<br><br>v.<br><br>KERN COUNTY, et al<br><br>Defendants. | **CASE NUMBER:**<br><br>**09-CV-01658-AWI-DLB**<br><br>Assigned to Magistrate Judge Dennis L. Beck<br><br>**STIPULATION TO CONTINUE DISCOVERY AND ALL SUBSEQUENT DATES BY ONE MONTH and ORDER THEREON**<br><br>Pre-Trial Conference: Nov. 18, 2011<br>Trial: January 31, 2012 |

**COME NOW,** the Parties herein, by and through their respective counsel of record, Tyler R. Dowdall, Esq. of SAYRE & LEVITT, LLP for Plaintiffs LaToya McKenzie, Brenda McKenzie, Chastity McKenzie, Rory McKenzie, Jr., Zilah Peeples, Amiya McKenzie, Zikirah Harris, Jamarri Joiner and the Estate of Rory McKenzie (hereinafter collectively "Plaintiffs"); Andrew C. Thomson, Deputy, Office of Kern County Counsel, for Defendants County of Kern, Kern County Sheriff's Office, Otis Whinery, Douglas Jauch, Edward Tucker and Patrick Neal (hereinafter collectively "Kern Defendants"); and Mildred K. O'Linn, Esq. of Manning & Kass, Ellrod, Ramirez, Trester, counsel for Defendant TASER

1

International, Inc. with the authority of their respective clients, hereby stipulate as follows:

## GOOD CAUSE STATEMENT

1. The parties have repeatedly met and conferred regarding various issues and potential conflicts regarding discovery in this matter in an effort to informally resolve these matters.

2. Former Kern County Coroner's Forensic Pathologist Dr. Joseph Pestaner currently resides in the State of Maryland and works in Washington, D.C. Dr. Pestaner conducted an autopsy of Plaintiffs' decedent, Rory McKenzie, on July 3, 2009. In light of the fact that medical issues related to causation are key issues in this action, and in light of the state of the testimony from other percipient witnesses related to these issues, Dr. Pestaner's testimony is highly material to this case.

3. Plaintiffs have been informed that Dr. Pestaner has been subpoenaed to testify in a Federal action in the final week of June 2011. Plaintiffs are serving a deposition subpoena on Dr. Pestaner with a deposition date of July 1, 2011, however, Plaintiffs report that because Dr. Pestaner is expected to be testifying in a federal trial, plaintiffs anticipate Dr. Pestaner will be unavailable to testify July 1, 2011.

4. Plaintiffs have been informed that Dr. Pestaner has advised he has more flexibility in July 2011. In particular, Dr. Pestaner reports to plaintiffs that the week of July 11, 2011 is presently open for deposition.

5. In order to accommodate the schedule of Dr. Pestaner, the parties agree that an additional one (1) month of fact discovery is appropriate for the completion of discovery. However, Defendant TASER will only stipulate to a continuance of discovery deadlines if all case management deadlines -- including

2

expert disclosures, dispositive motions, and trial -- are also continued by an equivalent amount of time.

6. Based upon the foregoing, good cause exists for a one (1) month continuance of the discovery cut-off and all subsequent dates, including the trial date.

7. The parties propose a new trial date in May 2012.

8. The parties respectfully request the Court's consideration of this request.

9. Defendant TASER maintains that, in light of the complex and highly technical causation and medical/scientific facts at issue in Plaintiffs' product liability claims, a staggered discovery-disclosure and related motion case management schedule, comparable to the case management schedule adopted by the Court on May 4, 2010 (Dkt. Doc. 68), and on January 21, 2011 (Dkt. Doc. 80) is essential to prevent undue prejudice to defendant TASER. TASER hereby incorporates by reference here all of its arguments on this issue as stated in the Joint Case Management Statement. (See Dkt. Doc. 66 at 8:1-10:20).

10. Additionally, the Deposition of LaToya McKenzie was scheduled for June 7, 2011, but Ms. McKenzie failed to attend. The Parties have been attempting to informally resolve the associated discovery issues and have proposed to reschedule the deposition of Ms. McKenzie for June 30, 2011, but the date has yet to be confirmed by Plaintiffs' counsel.

**STIPULATION FOR CONTINUANCE AND MODIFICATION**

11. TASER's stipulation to any modification of the Court's operative case management scheduling order (Dkt. Doc. 68, 73, 80) is conditional upon such modification continuing all case management dates and deadlines, including all pretrial discovery-disclosure and motion deadlines, in such a manner that the case

management schedule is modified to emulate the sequence and timing of pretrial discovery-disclosure and motion deadlines, and their relationship to the trial date, as is embodied in the current operative case management schedule. TASER does not stipulate to any continuance of any deadlines that does not emulate the current sequence and timing of discovery, disclosures, motions and trial.

12. In light of the foregoing, the Parties hereby stipulate that Good Cause exists, and the parties respectfully request the Court, to modify the operative case management scheduling order(s) (Dkt. Doc. 68, 73, 80) as follows:

**DISCOVERY DEADLINES:**

|  | **CURRENT DATES:** | **PROPOSED DATES:** |
|---|---|---|
| Initial Disclosures: | Completed | No modification |
| Non-expert Discovery cut-off: | July 1, 2011 | August 1, 2011 |
| Expert Discovery cut-off: | September 16, 2011 | October 17, 2011 |

**Expert Disclosures**

| | | |
|---|---|---|
| Plaintiffs' Disclosure: | July 8, 2011 | August 8, 2011 |
| Defendants' Disclosure: | July 18, 2011 | August 18, 2011 |
| Supplemental Disclosure: | August 2, 1011 | September 2, 2011 |

**Non-Dispositive Motion Deadlines:**

| | | |
|---|---|---|
| Filing: | September 21, 2011 | October 21, 2011 |
| Hearing: | October 21, 2011 | November 21, 2011 |

**Dispositive Motion Deadlines:**

| | | |
|---|---|---|
| Filing: | October 17, 2011 | November 17, 2011 |
| Hearing: | December 9, 2011 | January 9, 2012 |

4
STIPULATION TO CONTINUE DISCOVERY CUT-OFF AND RELATED DATES

| | | |
|---|---|---|
| **Settlement Conference:** | August 29, 2011 | September 29, 2011 at 10:00 |
| **Pretrial Conference:** | January 20, 2012 | February 24, 2012 |
| **Trial:** | April 10, 2012 | May 15, 2012 |

**IT IS HEREBY STIPULATED.**

DATED: June 22, 2011          **SAYRE & LEVITT, LLP**

By:  _/s/ Tyler R. Dowdall_____
    Federico C. Sayre
    Tyler R. Dowdall
    Attorneys for Plaintiffs

DATED: June 22, 2011          **OFFICE OF COUNTY COUNSEL**

By:  _/s/ Andrew C. Thomson via email auth_
    Andrew C. Thomson, Deputy
    Attorneys for Kern Defendants

DATED: June 22, 2011          **MANNING & KASS, ELLROD,**
                              **RAMIREZ, TRESTER, LLP**

By:  _/s/ Mildred K. O'Linn via email auth_
    Mildred K. O'Linn
    Tony M. Sain
    Attorneys for Defendants TASER

5
STIPULATION TO CONTINUE DISCOVERY CUT-OFF AND RELATED DATES

# **ORDER**

Pursuant to the aforementioned Stipulation of the Parties, and Good Cause appearing therefore, the aforementioned stipulated proposed dates and deadlines are hereby adopted and the case management schedule for the above entitled matter is hereby modified accordingly.

IT IS SO ORDERED.

Dated:   **June 23, 2011**              /s/ *Dennis L. Beck*
                                                  UNITED STATES MAGISTRATE JUDGE